ERNST HOLSCHER, TRADING AS CRESCENT BOTTLING CO.; DR. PEPPER BOTTLING CO. OF CAMDEN, A NEW JERSEY CORPORATION; LOUIS ROSENBERG, ABRAHAM ROSENBERG AND SAMUEL ROSENBERG, TRADING AS NEW JERSEY BOTTLING WORKS; AND VINCENT RACZYKOWSKI, TRADING AS NEWPORT BOTTLING WORKS, PLAINTIFFS-APPELLANTS, v. BOARD OF COMMISSIONERS OF THE CITY OF CAMDEN, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 27, 1950—Decided April 25, 1950.

Before Judges JACOBS, McGEEHAN and EASTWOOD.

*Mr. Meyer L. Sakin,* attorney for and of counsel with plaintiffs-appellants, argued the cause.

*Mr. Norman Heine* argued the cause for the defendant-respondent (*Mr. John J. Crean,* attorney).

The opinion of the court was delivered by

EASTWOOD, J. A. D. The validity of an ordinance entitled: "An Ordinance to license and regulate wholesale bottling establishments, trades or businesses within the City of Camden, New Jersey, and to fix the fee to be paid for such licenses and to prohibit all persons and places unlicensed from acting, using or being used for such uses and purposes and providing for a penalty for the violation hereof," adopted March 15, 1928, and amended on August 28, 1948, is the issue to be determined by this appeal.

The only distinction between the facts of this case and those in our decision in the case of *Ostroff et al. v. Board of Commissioners of the City of Camden,* 7 *N. J. Super.* 245, filed concurrently with this opinion, is that in the *Ostroff et al. v. Board of Commissioners of the City of Camden case,* the plaintiffs' manufacturing establishments were located outside of the City of Camden, whereas in the case *sub judice,* plaintiffs operate and maintain their bottling establishments in the City of Camden. This factual difference does not necessitate an independent opinion on the question of the validity and applicability of the ordinance to the plaintiffs. Our decision in *Ostroff et al. v. Board of Commissioners of the City of Camden* is controlling here.

The judgment of the Law Division is affirmed, with costs.